IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSEPH VICTORINO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. CIV-06-528-C |
| | ) | |
| BRUCE GOOCH, | ) | |
| | ) | |
| Defendant | ) | |

ORDER OF DISMISSAL

This civil rights action brought by a prisoner, proceeding pro se, was referred to United States Magistrate Judge Gary M. Purcell, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Purcell entered a Supplemental Report and Recommendation on January 4, 2007, to which Plaintiff has timely objected. The Court therefore considers the matter de novo.

The facts and relevant law are set out in full in the accurate and well-reasoned opinion of the Magistrate Judge. No point would be served in repeating that analysis. In his objection, Plaintiff merely restates the conclusions and legal argument originally asserted, and raises no issue not fully and accurately addressed and rejected by the Magistrate Judge. There is nothing asserted by the Plaintiff which was not fully considered and correctly rejected by the Magistrate Judge, and no argument of fact or law is set forth in the objection which would require a different result.

Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge, and for the reasons announced therein, Defendant's Motion to Dismiss (Dkt. No. 28) is GRANTED and the cause of action is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief with respect to Plaintiff's claim based on the failure to reinstate his prison pay/classification level; and DISMISSED WITHOUT PREJUDICE pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies with respect to Plaintiff's claims of deliberate indifference to his serious medical needs, retaliation, and denial of equal protection. These dispositions apply to all Defendants except those previously dismissed by stipulation. The dismissal with prejudice counts as a "strike" pursuant to 28 U.S.C. § 1915(g). A judgment will enter accordingly.

IT IS SO ORDERED this 23rd day of January, 2006.

ROBIN J. CAUTHRON
United States District Judge